GARRISON, Judge.
This is an appeal from an April 1, 1987 judgment of the district court finding in favor of the defendant, Sewerage & Water Board and against the plaintiff, Gloria Roberts, dismissing her claim at her costs.
From that judgment, which we affirm, Gloria Roberts appeals.
The trial court judge issued the following written reasons for judgment:
“Plaintiff failed to establish by a preponderance of evidence that defendant Sewerage and Water Board was at fault in the incident of February 8,1986 at 644 DeBore Drive, New Orleans, Louisiana which forms the basis of the damage claim asserted by her in these proceedings.”
On Saturday, February 8, 1986 at 5:30 a.m. Gloria Roberts’ bathtub, sink, toilet, kitchen sink and washing machine began overflowing, eventually leaving 4 inches of standing water and black goo throughout her entire house. Gloria Roberts owns her own home at 644 DeBore. Mrs. Roberts *120 called Roto-Rooter. Frederick H. Patrick of Roto-Rooter arrived and found that the City connection was full, the choke was stopped up, and the manhole was full of water. Patrick removed the cap in order to allow the water to drain out and called the Sewerage and Water Board. Patrick stated that this was the proper procedure to follow stating:
“... I found the manhole full and reported it to the Sewerage and Water Board. That is all I could do.
* * * * * *
“When I see the manhole full, I pulled it off, there is nothing I can do.”
(Tr. pp. 31-33).
The Sewerage and Water Board did not come to the scene until Monday, February 10, 1986 — two days later. At that time, Robert Wilson, Foreman/Supervisor # 2 filed a report stating that he found that the cleanout was choked. Wilson testified he used thirty feet of steel rod with two and a half coil screw, power drive machine to relieve the trouble. He asked the owner to flush and the clog came through. He stated that he found a lot of grease in the cleanout. Wilson further stated that the cleanout was the responsibility of the homeowner. This testimony contrasts with the Roto-Rooter testimony.
Wilson testified that when he arrived (2 days later) the manhole was “holding” water although it was no longer full of water. Wilson further stated that if the manhole had been full of water, then there would have been problems for other neighbors as well. Unbeknownst to Mr. Wilson, Anatole Ferrouittel, had testified earlier:
“My experience is it comes off some kind of blockage out there on the street, from the main because everybody in that block has had trouble.
[[Image here]]
“In that block every month or two somebody’s got the Sewerage and Water Board there because next door the sewer is blocked, and next door this way (indicating), and all the way down the whole block, and that’s been going on for about two or three years.”
(Tr. pp. 41-42).
The trial court judge was correct in his evaluation that plaintiff failed to establish that case by failing to carry her burden of proof.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.